```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID CRUZ VENTURA, REINA PENA,
and ALEXANDER GOMEZ CANALES,

                        Plaintiffs,              REPORT AND
                                                 RECOMMENDATION
                                                 CV 14-3163 (ADS)(ARL)
            -against-

CAFÉ SPICE ROOSEVELT FIELD MALL,
LLC and RAKESH CHADHA,

                        Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation on whether the pending motion for a default judgment should be granted and, if so, the appropriate relief to be awarded to plaintiffs David Cruz Ventura ("Ventura"), Reina Pena ("Pena"), and Alexander Gomez Canales ("Canales") (collectively, "Plaintiffs"). Plaintiffs have submitted a memorandum of law and the declarations of Justin M. Reilly, Ventura, Pena, and Canales, along with exhibits, in support of their motion. Despite having been served with the motion, defendants Café Spice Roosevelt Field Mall, LLC ("Café Spice") and Rakesh Chadha ("Chadha") (collectively, "Defendants") have not submitted papers in opposition to the motion. Based upon the evidence submitted, the undersigned recommends that: (1) a default judgment be granted in favor of Plaintiffs against Defendants, and (2) Plaintiffs be awarded in damages in the following amounts: (a) Ventura be awarded $57,790.32 in unpaid minimum, overtime and spread-of-hours wages; $53,983.92 in liquidated damages; and prejudgment interest of 9% annually on the sum of $30,489.84 from February 20, 2012 through the date of entry of judgment; (b) Pena be awarded $48,039.00 in unpaid minimum, overtime and spread-of-hours wages; $83,613.75 in liquidated damages; and prejudgment interest of 9%

annually on the sum of $10,395.00 from January 12, 2013 through the date of entry of judgment; and (c) Canales be awarded $27,285.00 in unpaid minimum, overtime and spread-of-hours wages; $44,656.00 in liquidated damages; and prejudgment interest of 9% annually on the sum of $7,704.00 from April 30, 2013 through the date of entry of judgment.

## BACKGROUND

The following facts are taken from the amended complaint as well as the motion for default judgment and the exhibits attached to the motion.

Café Spice owns and operates the Café Spice restaurant located at the Roosevelt Field Mall in Garden City, New York. Am. Compl. ¶ 9. Defendant Chadha is an officer, director and/or managing agent of Café Spice who participated in the day-to-day operations of the restaurant. Id. ¶ 12. Both Café Spice and Chadha are employers within the meaning of the FLSA and the NYLL. Id. ¶¶ 10, 12. In addition, the gross annual volume of sales or business done by Café Spice during the years 2011, 2012, 2013, and 2014 was not less than $500,000.00 each year.[1] Id. ¶ 67.

All three Plaintiffs are former employees of Defendants. Id. ¶¶ 5-7. Plaintiffs Ventura and Canales worked as cooks, and Plaintiff Pena worked as a cashier. Id. ¶¶ 14-15. As such, Plaintiffs' primary duties never consisted of performing managerial work or required the exercise of discretion. Id. ¶ 59. In addition, Plaintiffs never regularly supervised or directed the work of two or more full-time employees. Id. ¶ 60.

The amended complaint sets forth specific allegations as to the number of hours worked

---

[1] A business qualifies as an "enterprise" under FLSA where it "has employees engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

by each Plaintiff for specified dates.  Essentially, each Plaintiff worked more than forty hours per week and was not paid overtime compensation for hours worked past forty.  In addition, Plaintiffs routinely worked more than ten hours per day and did not receive spread-of-hours compensation for these shifts and were not paid the applicable statutory minimum wage.

Based on the foregoing allegations, Plaintiff Ventura commenced this action on May 20, 2014 seeking to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* ("NYLL").  DE 1.  On December 15, 2014, Ventura, along with Plaintiffs Pena and Canales, filed an amended complaint.  DE 6.  The amended complaint asserts that Defendants' failure to pay the required compensation was done willfully and with a reckless indifference to Plaintiffs' rights.

Café Spice was served with the summons and complaint on December 17, 2014, DE 7, and Chadha was served on January 13, 2015, DE 8.  Defendants have not interposed an Answer or otherwise responded to the Complaint.  Plaintiffs moved for entry of default and on April 6, 2015, the Clerk of the Court certified Defendants' default based upon their failure to answer or otherwise appear in this action.  DE 10.  On October 1, 2015, Plaintiffs filed the instant motion for a default judgment.  DE 12.  By Order dated October 2, 2015, Judge Spatt referred the motion to the undersigned.  DE 16.  Defendants have not opposed the motion for default judgment nor responded in any way.

## DISCUSSION

### A.     **Legal Standard Governing Defaults**

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all

well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007)  ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true.").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party' conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

**B.    Liability**

The FLSA provides a private right of action to recover unpaid prevailing minimum wages and/or overtime compensation and liquidated damages from an employer who violates the Act's provisions.  *See* 29 U.S.C. § 216(b).  Congress' purpose in passing the FLSA was "to protect all covered workers from substandard wages and oppressive working hours, [and] 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'"  *Barrentine v. Arkansas-Best-Freight Sys., Inc.*,

4

450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)). The FLSA is construed by the courts "liberally to apply to the furthest reaches consistent with congressional direction." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985).

"Under both the FLSA and the NYLL, employees must be paid at least a minimum hourly rate for every hour that they work." *Berrezueta v. Royal Crown Pastry Shop, Inc.,* No. 12-CV-4380, 2013 WL 6579799, at * (E.D.N.Y. Dec. 16, 2013) (citing 29 U.S.C. § 206(a) and N.Y. Lab. Law § 652)). The minimum wage rate for 2010 through 2014 was $7.25 per hour under the FLSA. 29 U.S.C. § 206(a)(1). The minimum wage rate was $7.15 an hour under the NYLL for 2010 through 2013 and $8.00 an hour for 2014. N.Y. Lab. Law § 652. "'The federal minimum wage does not preempt the state minimum wage and a plaintiff may recover under whatever statute provides the highest measure of damages.'" *Berrezueta,* 2013 WL 6579799, at *4 (quoting *Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635, 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011), *report and recommendation adopted by*, 2011 WL 2038973 (S.D.N.Y. May 24, 2011)). The amended complaint and the Plaintiffs' declarations assert that: (1) Ventura was not paid at the statutory minimum wage rate from January 1, 2010 through December 31, 2012; (2) Pena was not paid at the statutory minimum wage rate from December 30, 2010 through October 2013; and (3) Canales was not paid at the statutory minimum wage rate from October 2011 through October 2014. Accordingly, all three Plaintiffs are therefore entitled to recover unpaid minimum wages.[2]

---

[2] The statute of limitations applicable to a claim for unpaid minimum wages and/or unpaid overtime compensation under the FLSA is two years from the date that the claim accrued or three years from such date where the claim arises from a willful violation of the Act. 29 U.S.C. § 255(a); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). Plaintiffs have alleged willful conduct by the Defendants and, thus, a three-year period is appropriate. Am. Compl. ¶¶ 63, 69, 70, 80, 84; *see Iglesias-Mendoza*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007) ("[W]here willfulness is disputed, the court applies the three-year statute of limitations for

Similarly, under both federal and state law, Plaintiffs are entitled to overtime wages at a rate of 150 percent of their regular wages for any week in which they worked more than forty hours. 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. Plaintiffs allege that they never received overtime compensation although they continuously worked more than forty hours per week throughout the terms of their employment. Am. Compl. ¶¶ 53-54, 68-70. Accordingly, Plaintiffs are entitled to unpaid overtime compensation.

Lastly, "'New York law requires an employer to pay an employee for one additional hour at the minimum hourly wage for any day in which the employee works over ten hours.'" *Berrezueta*, 2013 WL 6579799, at *5 (quoting *Siemieniewicz v. CAZ Contracting Corp.*, No. 11 CV 0704, 2012 WL 5183375, at *12 (Sept. 21, 2012), *report and recommendation adopted as modified on other grounds by*, 2012 WL 5183000 (E.D.N.Y. Oct. 18, 2012)) (citing N.Y. Lab. Law §§ 650-665). Plaintiffs allege that they worked shifts in excess of ten hours but did not receive spread-of-hours compensation for these shifts. Am. Compl. ¶¶ 56-57. As such, Plaintiffs also entitled to receive spread-of-hours compensation under New York law.

Accordingly, the allegations are well-plead and fully support an award of minimum wage, overtime and spread-of-hours compensation. Therefore, the Court recommends that the default judgment be entered in favor of Plaintiffs and against Defendants.

**C.     Damages**

While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. *Greyhound*, 973 F.2d at 158. Therefore, once a party's default as to liability is established, a plaintiff still must prove

---

purposes of certifying a representative action."). The statute of limitations for violations of the NYLL is six years. N.Y. Lab. Law §§ 198(3), 663(3).

damages.  *Id.*

1.   **Minimum, Overtime and Spread-of-Hours Wages**

"'Generally, an employee-plaintiff under the FLSA 'has the burden of proving that [s]he performed work for which [s]he was not properly compensated.'" *Berrezueta,* 2013 WL 6579799, at *3 (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011)).  "However, the employer bears the burden under state and federal law of maintaining records of the employees' wages, hours, and other conditions of employment."[3]  *Id.* (citing 29 U.S.C. § 211(c) (2006); N.Y. Lab. Law. § 196-a(a)).  Where, as here, Defendants have defaulted and have deprived Plaintiffs of the necessary employment records and hampered their ability to prove damages, the Court may credit Plaintiffs' testimony and estimates regarding their employment and calculate damages on that basis.  *See id.; see also Jemine v. Dennis*, 901 F. Supp. 2d 365, 376 (E.D.N.Y. 2012) ("[W]here the employer has defaulted, [as here, the employees'] recollection and estimate of hours worked are presumed to be correct.") (citation and internal quotation marks omitted).

The Court has reviewed Plaintiffs' calculations and finds them to be accurate and complete.  Accordingly, the undersigned recommends that: (1) Ventura be awarded $57,790.32 in unpaid minimum, overtime and spread-of-hours wages; (2) Pena  be awarded $48,039.00 in unpaid minimum, overtime and spread-of-hours wages; and (3) Canales be awarded $27,285.00 in unpaid minimum, overtime and spread-of-hours wages.

2.   **Liquidated Damages**

The FLSA and the New York Labor Law both allow for the payment of liquidated damages.  Under the FLSA, plaintiffs are entitled to liquidated damages in an amount equal to

---

[3]  Defendants are "employers" within the meaning of the FLSA.  *See* 29 U.S.C. § 203(d).

one hundred percent of the unpaid overtime wages, unless the employer is able to show it acted in good faith. *See Pineda-Herrera v. Da-Ar-Da, Inc.,* No. 09-CV-5140, 2011 WL 2133825, at *4 (E.D.N.Y. May 26, 2011). Plaintiffs are also entitled to recover twenty-five percent of unpaid overtime as liquidated damages for the overtime compensation awarded under the NYLL, s*ee Santillan,* 822 F. Supp. 2d at 297, and effective April 9, 2011, an additional 100% of unpaid wages, *see* Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a). Here, an award of liquidated damages is appropriate because Defendants have defaulted and thus not carried their burden of demonstrating good faith. *Berrezueta,* 2013 WL 6579799, at *5.

"Although '[d]istrict courts in this circuit have disagreed as to whether a plaintiff may secure cumulative awards of liquidated damages under both statutes,' the majority view is that prevailing plaintiffs may recover liquidated damages under both the FLSA and the NYLL." *Id.* at *6. The rationale behind this is that "each statute seeks to vindicate a different type of wrong." *Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812, 2015 WL 1966355, at *47 (E.D.N.Y. May 1, 2015). "FLSA liquidated damages are compensatory whereas NYLL liquidated damages are punitive." *Id.* In fact, this Court has previously found that an award of liquidated damages under both statutes is appropriate. *See Sanchez v. Viva Nail N.Y. Inc.*, No. 12-cv-6322, 2014 WL 869914, at *5 (E.D.N.Y. Mar. 5, 2014). Although there is, as one court has described, "an emerging trend towards denying a cumulative recovery of liquidated damages," *Herrera v. Tri-State Kitchen and Bath, Inc.*, No. 14-CV-1695, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015), because Plaintiffs' application is uncontested, I recommend following the majority view and awarding liquidated damages under both federal and state law for unpaid wages. The Court therefore respectfully recommends that (1) Ventura be awarded additional liquidated damages in the amount of $30,432.48 under the FLSA and $23,551.44 under the NYLL, for a total of

$53,983.92; (2) Pena be awarded additional liquidated damages in the amount of $38,124.00 under the FLSA and $45,489.75 under the NYLL, for a total of $83,613.75; and (3) Canales be awarded additional liquidated damages in the amount of $19,581.00 under the FLSA and $25,075.00 under the NYLL, for a total of $44,656.00.

### 3. Prejudgment Interest

"While prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, . . . the Second Circuit has awarded prejudgment interest for violations of state wage laws." *Hernandez*, 2015 WL 1966355, at *50 (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)). Plaintiffs are therefore entitled to prejudgment interest on their NYLL award at a statutory rate of 9% per year. N.Y. C.P.L.R. 5004. "[W]hen a plaintiff has received an award of federal liquidated damages, he is 'entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed.'" *Rosendo v. Everbrighten Inc.*, No. 13cv7256, 2015 WL 1600057, at *6 (S.D.N.Y. Apr. 7, 2015) (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011)), *report and recommendation adopted by*, 2015 WL 4557147 (S.D.N.Y. July 28, 2015). Accordingly, "Plaintiffs can recover prejudgment interest only on those claims for which no federal liquidated damages have been awarded." *Id.* Here, those claims are limited to Plaintiffs' claims for spread-of-hours compensation under the NYLL and minimum wages and overtime earned prior to May 20, 2011.[4] *Id.*; *see also Gonzalez v. Jane Roe Inc.*, No. 10 CV 1000, 2015 WL 4662490, at *5 (E.D.N.Y. July 15, 2015) (calculating prejudgment interest on spread-of-hours compensation and lost earnings accrued prior to accrual of FLSA limitations period),

---

[4] As noted above, the statute of limitations for FLSA claims involving willful violations is three years and six years under the NYLL. The complaint here was filed on May 20, 2014.

9

*report and recommendation adopted as modified on other grounds by*, 2015 WL 4681151 (E.D.N.Y. Aug. 6, 2015).

When, as here, "damages were incurred over a period of time, interest may be calculated from the date damages were incurred or upon all of the damages from a single reasonable intermediate date." *Hernandez v. Punto y Coma Corp.*, No. 10 Civ. 3149, 2013 WL 4875074, at *9 (E.D.N.Y. Sept. 11, 2013). "The midpoint of plaintiffs' employment is a reasonable intermediate date for purposes of calculating prejudgment interest." *Id.*

Based on the amended complaint and declarations, the Court estimates the midpoint of Plaintiffs' employment as February 20, 2012 for Ventura; January 12, 2013 for Pena; and April 30, 2013 for Canales. The principal amount that Ventura is owed in spread-of-hours compensation is $6,786.00; the amount he is owed in unpaid state wages and unpaid state overtime prior to May 20, 2011 is $23,703.84. A 9% annual interest rate on $30,489.84 should be applied from February 20, 2012 through the date of entry of judgment.

The principal amount that Pena is owed in spread-of-hours compensation is $5,700.00; the amount he is owed in unpaid state wages, unpaid state overtime prior to May 20, 2011 is $4,695.00. A 9% annual interest rate on $10,395.00 should be applied from January 12, 2013 through the date of entry of judgment.

The principal amount that Canales is owed in spread-of-hours compensation is $7,704.00; the amount he is owed in unpaid state wages and unpaid state overtime prior to May 20, 2011 is $0.00  A 9% annual interest rate on $7,704.00 should be applied from April 30, 2013 through the date of entry of judgment.

Since interest continues to accrue through the date of entry of judgment, I cannot recommend a specific interest award at this time. Instead, I respectfully recommend that

Plaintiffs be awarded prejudgment interest at the rate of 9% per annum through the date of entry of judgment as set forth above.

    **4.    Attorneys' Fees and Costs**

Both the FLSA and the NYLL provide for a mandatory award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). Here, Plaintiffs request the opportunity to make a motion for attorneys' fees if it is determined by the Court that they are entitled to damages. The Court respectfully recommends that such application be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
         August 1, 2016

                                              S/
                                      ARLENE R. LINDSAY
                                      United States Magistrate Judge