```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID CRUZ VENTURA, REINA PENA,
and ALEXANDER GOMEZ CANALES,
                                                                    REPORT AND
                            Plaintiffs,                             RECOMMENDATION
                                                                    CV 14-3163 (ADS)(ARL)
          -against-

CAFÉ SPICE ROOSEVELT FIELD MALL,
LLC and RAKESH CHADHA,

                            Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Plaintiffs David Cruz Ventura, Reina Pena and Alexander Canales (collectively, "Plaintiffs") commenced this action against defendants Café Spice Roosevelt Field Mall, LLC Rakesh Chadha (collectively, "Defendants") seeking to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq*. ("NYLL"). By Report and Recommendation dated August 1, 2016, this Court recommended that a default judgment be granted in favor of Plaintiffs against Defendants and that Plaintiffs be awarded damages. ECF No. 17. The Court also recommended that Plaintiffs' request for leave to make a motion for attorneys' fees be granted. By Order dated August 30, 2016, Judge Spatt adopted the Report and Recommendation in its entirety.

On November 30, 2016, after being granted an extension of time by Judge Spatt, Plaintiffs filed a motion for attorneys' fees. On December 1, 2016, this matter was referred to the undersigned for the purpose of issuing a report and recommendation on whether the pending motion for attorneys' fees should be granted and, if so, the amount to be awarded. Based upon the evidence submitted, the undersigned recommends that Plaintiffs' motion be granted and that Plaintiffs be awarded $7,830.00 in attorneys' fees and $600.00 in costs, for a total award of $8,430.00.

## DISCUSSION

Both the FLSA and the NYLL provide for a mandatory award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). As a general matter, in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee'.") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court held that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. Ex rel. Winn.*, 559 U.S. 542, 551 (2010) (emphasis in original). "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee." *Id.* at 553 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is

2

generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York,* 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." *Perdue,* 559 U.S. at 552.

In the present case, Plaintiffs retained the services of Neil H. Greenberg & Associates, P.C. Neil H. Greenberg & Associates, P.C. billed Plaintiffs for legal services totaling $7,830.00 and costs in the amount of $600.00 for the period April 15, 2014 through November 30, 2016. To support Plaintiffs' request for attorneys' fees and costs, Plaintiffs submit the declaration of Justin Reilly, with contemporaneous billing records annexed to the declaration. *See* ECF No. 22.

The Court finds that Plaintiffs' submission provides sufficient evidence to form the basis for an award of fees without a further hearing. Plaintiffs seek reimbursement for legal services rendered by Justin Reilly, an attorney at the firm who has approximately sixteen years of experience litigating civil cases, including FLSA and NYLL claims, at the rate of $300 per hour. The Court finds that counsel's hourly rate is reasonable. With regard to the reasonableness of the hours billed, "[t]he number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." *Finkel v. Metro Sign & Maint. Corp.*, No. 09 CV 4416, 2010 WL 3940448, at *16 (E.D.N.Y. Aug. 12, 2010) (citing *Labrera v. Frank J. Batchelder Transp. LLC*, No. 08–CV–3387, 2009 WL 245021, at *4 (E.D.N.Y. Feb. 2, 2009)). Here, the record reflects that Mr. Reilly spent a total of 26.1 hours on

3

this matter. The time records submitted here describe what tasks were performed on behalf of Plaintiffs, the dates on which such tasks were performed, and the amount of time expended. I find this time reasonable. Accordingly, the Court reports and recommends that Plaintiffs be awarded $7,830.00 in fees, derived as follows: 26.1 hours at $300 per hour.

Plaintiffs also seek costs in the amount of $600.00, representing the fee for filing this action and service upon Defendants. The Court finds that such costs are reasonable and recommends that Plaintiffs be awarded $600.00 in costs.

## CONCLUSION

Based on the foregoing, the Court respectfully reports and recommends that Plaintiffs be awarded $7,830.00 in attorneys' fees and $600.00 in costs, for a total award of $8,430.00.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         August 28, 2017

                                                                                           S/
                                                                       ARLENE R. LINDSAY
                                                                       United States Magistrate Judge